MARTIN J. SIEGEL
ATTORNEY AT LAW
150 BROADWAY, SUITE 1400
NEW YORK, NY 10038-4401
TEL: (212) 349-9190
FAX: (212) 349-1451

December 11, 2007

Honorable William Pauley
US Federal Court
500 Pearl Street
New York, NY 10007-1312

Dear Judge Pauley,

SUBJECT:-U.S.A. V. JABRIEL LEWIS 07 CR 695(WEP)

The defendant Mr. Jabriel Lewis is scheduled for sentencing on Friday December 14, 2007. This correspondence is to bring to the Court's attention certain factors that could favorably influence the final judgment imposed upon Mr. Lewis

I have provided a copy of the pre sentence report to Mr. Lewis. After reviewing the pre sentence report with the defendant, he advises me that he has no objections or factual disputes with the contents of the report.

Mr. Lewis pleaded guilty to a single sale of 10 grams of crack cocaine. There was no allegation in the pleadings that Mr. Lewis was part of a gang or a drug conspiracy. Rather the evidence was that on one occasion, Mr. Lewis sold a small amount of crack cocaine to an undercover officer. Frankly speaking, the proper venue for this prosecution should have been in either the Criminal or Supreme Court in Bronx County. Had Mr. Lewis been prosecuted in Bronx County, there is a very strong likelihood that he would have most probably been given, at most, a plea offer of six months in prison to be followed by 4 ½ years on probation. Although the offense for which he pleaded guilty to is technically a federal offense, in reality it was a one time street sale of narcotics for an amount of approximately $50.00. The administrative decision to prosecute Mr. Lewis in Federal Court has subjected the defendant to a significantly higher sentence then in the State system.

Due to change as of November 1, 2007, the Guidelines reduced the criminal conduct from a level 26 to a level 24 . In addition, on December 10, 2007, the

– 2 –                                                                                                        December 11, 2007

Supreme Court[1] handed down two decisions that attempted to reduce the extraordinary disparity in sentences between cocaine(powder) and crack cocaine. Those decisions may favorably impact the term of imprisonment, if any; this Court may wish to impose. For example under the guidelines the possession of 25 grams or less of powder cocaine would place a defendant at a level 12 as opposed to the former level of 24.

The report goes into great detail as to Mr. Lewis's past criminal record. The defense contends that the calculations' of the probation department truly overstates the true criminal history of Mr. Lewis. The offenses for which Mr. Lewis has previously pleaded guilty to in State court were either violations or misdemeanors, for the most part; all were related primarily to the sale and use of marijuana. There is no history of violence or violent anti social behavior. If this Court should determine that the probation department has overstated the criminal history of Mr. Lewis then you have the option of reducing the criminal history category from III to II.

I am advised that you have received a letter from Mr. Lewis's aunt, Ms. Cook. The pre sentence report and Ms. Cook's correspondence details the close relationship that she has with Mr. Lewis... Ms. Cook has told me that, due to her disability, the defendant has agreed, to help her. Mr. Lewis has informed me that after his release, he intends to move to Virginia to live with his aunt. The personal background of Mr. Lewis is at the very least tragic and readily explains how a bright intelligent person has wound up in his present predicament. The defendant's mother has cast him off as one would throw out an old pair of shoes. The mother has moved up to Massachusetts and has taken no role or interest in the growth, development or life of Jabriel. His father was absent for all of his life and has taken no interest at all in raising or providing for his son Jabriel. Rather Mr. Lewis has grown up only with the assistance of a grandmother and aunt. Although both women tried to help Mr. Lewis, he unfortunately learned certain bad habits "on the streets".

However as the Court is acutely aware under the Booker decision and its progeny, you are no longer handcuffed by the Sentencing guidelines as in days of old.

The present state of the law is that the guidelines are to use only as an aid in determining the appropriate sentence, but they are not mandatory. The Court, under 18 USC 3553 is empowered to sentence a defendant after considering a number of factors without the restrictions of strict compliance with guidelines. They are as follows:

---

[1] Gall v. United States, No. 06-7949,
Kimbrough v. United States, No. 06-6330

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed
    (A) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) To afford adequate deterrence to criminal conduct;
    (C) To protect the public from further crimes of the defendant; and
    (D) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established for
    (A) The applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .

(5) Any pertinent policy statement . . .

(6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) The need to provide restitution to any victims of the offense

We now come down to the point when this Court has to fashion a sentence that comports with the offense for which Mr. Lewis pleaded guilty to, the advisory nature of the guidelines and the subsequent test under Sec. 3553 in order to come to a decision that is both fair and just to Mr. Lewis and society.

Therefore, under all the circumstances I urge that you sentence Mr. Lewis to a term that is consistent with both hope and justice. For example if you choose to adopt a level 12 offense level(minus 2 levels for acceptance of responsibility and a criminal history of II would result in a guidelines result of 8-14 months. However the Court is no longer bound by the guidelines and could impose a lower sentence.

The term, if any, should take into consideration the usefulness or practicality of an extended term of incarceration. In addition the sentence should also include a recommendation that Mr. Lewis be favorably considered for participation in a drug program while he is serving his sentence. Finally, the sentence should also include a recommendation that Mr. Lewis be incarcerated in a facility close to New York as possible so his elderly mother and other family members can be able to visit with the defendant at regular intervals.

Your consideration and reflection on the arguments made herein is gratefully appreciated.

– 4 –                                                                December 11, 2007

Respectfully yours,


MARTIN J. SIEGEL

MJS/fb
cc: Jillian Berman, Esq.
    US Attorney's Office