

U.S. Department of Justice

United States Attorney
Southern District of New York

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

December 13, 2007

**By Hand Delivery and ECF**

Honorable William H. Pauley III
United States District Judge
United States Courthouse
500 Pearl Street
New York, N.Y. 10007

        Re:    <u>United States v. Jabriel Lewis</u>
               07 Cr. 695 (WHP)

Dear Judge Pauley:

      The Government respectfully submits this letter in connection with the sentencing of Jabriel Lewis, scheduled for Friday, December 14, at 3:30 p.m., and in response to the defense submission filed on December 11, 2007.  For the reasons set forth below, the Government requests that the Court sentence Lewis within the applicable range set forth in the United States Sentencing Guidelines (the "Guidelines") of 46 to 57 months' imprisonment because it is sufficient, but not greater than necessary, to comply with the objectives of sentencing.

      On May 28, 2007, Lewis was arrested pursuant to a Complaint that charged him with distributing and possessing with intent to distribute 5 grams and more of crack cocaine on December 7, 2006, in violation of Title 21, United States Code, Sections 812, 841(a), and 841(b)(1)(B).  This charges carries a mandatory minimum five-year term of imprisonment.  On July 27, 2007, Lewis waived indictment, and Information 07 Cr. 695 (WHP) was filed, charging him with distributing and possessing with intent to distribute cocaine base on December 7, 2006, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)©.  This charges does not carry a mandatory minimum term of imprisonment.  As set forth in the Complaint and in the Presentence Report, on December 6, 2006, Lewis had a telephone conversation with a New York City Police detective who was acting in an undercover capacity, and who told Lewis that he wished to purchase approximately ten grams of crack cocaine.  Lewis agreed to provide the drugs the following day and the two arranged to meet.  See PSR ¶ 6.  Thereafter, on December 7, 2006, the undercover detective met with Lewis, who arrived in a black Jaguar; Lewis exited his car, got into the undercover detective's vehicle, and Lewis gave the undercover detective a bag that Lewis indicated contained ten grams of crack cocaine.  The undercover detective gave Lewis approximately $300 in exchange for the drugs.  Laboratory

analysis of the substance later confirmed that it was approximately seven grams of crack cocaine.

On August 17, 2007, Lewis pled guilty, pursuant to a plea agreement, to the one-count Information charging him with the December 7, 2006 sale of crack cocaine. This charge does not carry a mandatory minimum term of imprisonment of sixty months' imprisonment, although the drug weight to which Lewis agreed in the plea agreement – at least five but less than twenty grams of crack cocaine – supported such a charge. At the time Lewis pled guilty, this amount of crack cocaine corresponded to a base offense level of 26; when credited with acceptance of responsibility, Lewis' total offense level was 23. However, as the defense notes in its submission to the Court and the Probation Office indicates in the revised PSR, based on the November 1, 2007 amendments to the United States Sentencing Guidelines, the base offense level that now corresponds with 5-20 grams of crack cocaine is 24. Thus, with credit for his acceptance of responsibility, the Government agrees with the defense that Lewis' total offense level is now 21.

Lewis also agreed in his plea agreement that based on his criminal history record, he falls within Criminal History Category III, and that no downward departure from a Criminal History Category of III is warranted. Accordingly, the applicable Guidelines Range is 46-57 months' imprisonment.

In his sentencing submission, Lewis requests that the Court impose a non-Guidelines sentence. While Lewis does not suggest a specific sentence, he cites to the Supreme Court's recent decisions in Gall v. United States, No. 06-7949, 2007 WL 4292116 (Dec. 10, 2007), and Kimbrough v. United States, No. 06-6330, 2007 WL 4292040 (Dec. 10, 2007), and urges the Court to sentence Lewis as if he had been convicted of distributing cocaine powder, and not crack cocaine. The Government respectfully disagrees. There is a difference between crack cocaine and cocaine powder. Congress has recognized as much, by setting a five-year mandatory minimum sentence for crack cocaine offenses involving five grams and more of crack cocaine, whereas the corresponding amount of powder cocaine necessary to trigger the mandatory minimum sentence of five years is 500 grams. See Title 21, United States Code, Section 841(b)(1)(B). While Kimbrough clearly gives this Court authority to determine that the crack/powder cocaine disparity in the Guidelines results in a sentence that is greater than necessary to achieve the sentencing purposes set forth in Title 18, United States Code, Section 3553(a), the Government respectfully submits that treating Lewis as if he sold cocaine powder – when in fact he sold crack cocaine – is not what Congress intended. Lewis already receives the benefit of the Sentencing Commission's two-level reduction to the guidelines applicable to offenses involving crack cocaine.

Lewis also argues that a Criminal History Category of III overstates Lewis' true criminal history, and he requests that the Court sentence him as if he fell within Criminal History Category II. Def. Ltr at 2. Construing this argument as a request for a non-Guidelines sentence

rather than a downward departure,[1] the Government respectfully submits that it has no merit. Lewis' actual criminal record is not overstated by a criminal history score of III. As reflected in the PSR, the defendant has five convictions – all for drugs – within a one-year period. He would have been assessed a criminal history score of five rather than four, were it not for the four-point limitation set forth in U.S.S.G. § 4A1.1(c). Three of these convictions were for criminal sale of marijuana, and two of them were for criminal possession of crack cocaine. With respect to the latter two convictions, on one occasion Lewis was observed handing a plastic bag containing crack cocaine to another individual (PSR ¶¶ 31-32); on the second occasion he was observed placing a plastic bag containing 16 small bags of crack in his underwear. PSR ¶¶ 35-36. Lewis has clearly been engaged in the business of selling drugs and his criminal score accurately reflects his record. These convictions are not trivial. Moreover, Lewis has never been sentenced to prison for any of his convictions, which makes it is equally clear – as Probation notes – that Lewis has not been deterred by his past non-custodial sentences. PSR at pg. 20. As such, the Government submits that incarceration is necessary to deter Lewis' future criminal conduct and to protect the public from Lewis' criminal activities, and a sentencing within the applicable Guidelines Range is sufficient, but not greater than necessary, to satisfy these objectives.

       For the reasons set forth above, the Government respectfully requests that the Court impose a term of imprisonment within the Guidelines range of 46-57 months.

                    Very truly yours,

                    MICHAEL J. GARCIA
                    United States Attorney
                    Southern District of New York

        By:     /s/ Jillian Berman
                    Jillian B. Berman
                    Assistant United States Attorney
                    (212) 637-2197

cc: Martin J. Siegel, Esq. (via ECF)

---

[1] The Plea Agreement entered into between the parties in this case precludes the defense from requesting a downward departure from the applicable Guidelines Range.